IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEL MONTE FRESH PRODUCE COMPANY, *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>UNITED STATES, *et al.*,<br><br>    Defendants. | Civil Action No. 07-2143 (JDB) |

## DEFENDANTS' MOTION TO DISMISS
## FOR LACK OF SUBJECT MATTER JURISDICTION

Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, Defendants United States, United States Department of Treasury, and Office of Foreign Assets Control, respectfully move this Court for an order dismissing the Amended Complaint (dkt. no. 11) for lack of subject matter jurisdiction. The grounds for Defendants' motion are set forth in the accompanying Memorandum of Points and Authorities in Support of Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction and Declaration of Elizabeth W. Farrow.

Dated: January 28, 2008

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEFFREY A. TAYLOR
United States Attorney

SANDRA M. SCHRAIBMAN
(D.C. Bar No. 188599)
Assistant Branch Director
Federal Programs Branch

[*Additional Counsel on Next Page*]

- 2 -

      /s/  Nicholas A. Oldham
Nicholas A. Oldham (D.C. Bar No. 484113)
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
<u>Mailing Address</u>
P.O. Box 883
Washington, D.C.  20044
<u>Delivery Address</u>
20 Massachusetts Ave., N.W.
Washington, D.C.  20001
Tel: (202) 514-3367
Fax: (202) 616-8470
nicholas.oldham@usdoj.gov

Attorneys for Defendant

- 2 -

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEL MONTE FRESH PRODUCE COMPANY, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES, *et al.*, <br><br> Defendants. | Civil Action No. 07-2143 (JDB) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

                                                  Respectfully submitted,

                                                  JEFFREY S. BUCHOLTZ
                                                  Acting Assistant Attorney General

                                                  JEFFREY A. TAYLOR
                                                  United States Attorney

                                                  SANDRA M. SCHRAIBMAN
                                                  (D.C. Bar No. 188599)
                                                  Assistant Branch Director
                                                  Federal Programs Branch

                                                  NICHOLAS A. OLDHAM (D.C. Bar No. 484113)
                                                  Trial Attorney
                                                  U.S. Department of Justice
                                                  Civil Division, Federal Programs Branch
                                                  <u>Mailing Address</u>
                                                  P.O. Box 883
                                                  Washington, D.C. 20044
                                                  <u>Delivery Address</u>
                                                  20 Massachusetts Ave., N.W.
                                                  Washington, D.C. 20001
                                                  Tel: (202) 514-3367
                                                  Fax: (202) 616-8470
                                                  nicholas.oldham@usdoj.gov

January 28, 2008                               Attorneys for Defendant

## TABLE OF CONTENTS

**PAGE**

TABLE OF AUTHORITIES ................................................................................................... -ii-

INTRODUCTION ..................................................................................................................... 1

BACKGROUND ....................................................................................................................... 1

ARGUMENT ............................................................................................................................. 3

    I.    BECAUSE OFAC HAS ISSUED DEL MONTE THE
        LICENSE, DEL MONTE'S CLAIMS ARE MOOT ............................................ 4

    II.   BECAUSE DEL MONTE'S ALLEGED INJURY WILL NOT
        BE REDRESSED BY THE DECLARATORY RELIEF IT SEEKS,
        DEL MONTE LACKS STANDING TO BRING ITS CLAIMS ......................... 9

    III.  EVEN IF THIS COURT FINDS THAT IT HAS
        SUBJECT-MATTER JURISDICTION, IT SHOULD
        DECLINE TO ISSUE A DECLARATORY JUDGMENT ................................ 10

CONCLUSION ........................................................................................................................ 12

## TABLE OF AUTHORITIES

**CASES**            **PAGE(s)**

*Allen v. Wright*,
468 U.S. 737 (1984) ............................................................................................ 4

*Am. Postal Workers Union v. United States Postal Serv.*,
2007 U.S. Dist. LEXIS 48608 (D.D.C. July 6, 2007) ...................................... 6

*City of Erie v. Pap's A.M.*,
529 U.S. 277 (2000) ........................................................................................... 5

*City of Houston v. Dep't of Housing & Urban Dev.*,
24 F.3d 1421 D.C. Cir. 1994 ) ........................................................................ 5

*Clark v. United States*,
915 F.2d 699 (D.C. Cir. 1990) ................................................................. 6, 7, 8

*Coal. For Underground Expansion v. Mineta*,
333 F.3d 193 (D.C. Cir. 2003) ......................................................................... 3

*DaimlerChrysler Corp. v. Cuno,*
126 S.Ct. 1854 (2006) ....................................................................................... 4

*Friends of the Earth, Inc. v. Laidlaw Env't Serv. (TOC), Inc.*,
528 U.S. 167 (2000) ............................................................................ 4, 7, 10, 11

*Herbert v. Nat'l Acad. of Scis.*,
974 F.2d 192 (D.C. Cir. 1992) ......................................................................... 3

*Isenbarger v. Farmer*,
463 F. Supp. 2d 13 (D.D.C. 2006) ............................................................... 3, 5

*Lujan v. Defenders of Wildlife*,
504 U.S. 555 (1992) ..................................................................................... 9, 10

*Ex parte McCardle*,
74 U.S. (7 Wall.) 506 (1868) ............................................................................. 4

*Mova Pharm. Corp. v. Shalala*,
140 F.3d 1060 (D.C. Cir. 1998) ....................................................................... 9

*Nat'l Black Police Ass'n v. District of Columbia*,
108 F.3d 346 (1997) ............................................................................. 4, 5, 7, 8

*Norton v. S. Utah Wilderness Alliance*,
542 U.S. 55 (2004) .................................................................................................. 5, 6

*PETA v. Gittens*,
396 F.3d 416 (D.C. Cir. 2005) ................................................................................. 6

*Pub. Utils. Comm'n v. FERC*,
100 F.3d 1541, 1460 (9th Cir. 2006) ....................................................................... 8

*Simon v. E. Ky. Welfare Rights Org.*,
426 U.S. 26 (1976) .................................................................................................. 4

*Spencer v. Kemma*,
523 U.S. 1 (1998) .................................................................................................... 5

*Steel Co. v. Citizens for a Better Env't*,
523 U.S. 83 (1998) ........................................................................................ 4, 9, 10

*Sw. Bell Tel. Co. v. Fed. Commc'n Comm'n*,
168 F.3d 1344 (D.C. Cir. 1999) ............................................................................... 8

*Sze v.INS*,
153 F.3d 1005 (9th Cir. 1998) ................................................................................. 8

*United States v. Hovsepian*,
359 F.3d 1144 (9th Cir. 2004) ................................................................................. 8

*Wilton v. Seven Falls Co.*,
515 U.S. 277 (1995) .......................................................................................... 10, 11

*Wyo. Outdoor Council v. Dombeck*,
148 F.2d 1 (D.D.C. 2001) ........................................................................................ 8

**STATUTES**

5 U.S.C. § 706(1) ............................................................................................... 1, 3, 6

22 U.S.C. §§ 7201 *et seq* ........................................................................................ 1

22 U.S.C. § 7205(a)(1) ............................................................................................ 1

28 U.S.C. § 2201 .................................................................................................. 6, 9

**OTHER**

66 Fed. Reg. 36,683 (July 12, 2001) .................................................................................... 1, 2

## INTRODUCTION

Plaintiffs Del Monte Fresh Produce Company and Del Monte Foods (U.A.E.) FZE (collectively referred to in this memorandum as "Del Monte") have amended their complaint to seek a declaratory judgment that Defendant Office of Foreign Assets Control ("OFAC") violated a mandatory duty to issue Del Monte a license to ship food products to entities in Iran, despite the fact that OFAC had granted the license five days before Del Monte filed its complaint, and Del Monte learned of that fact one day after filing its complaint. Del Monte had originally alleged that OFAC had failed to act within the meaning of the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(1) ("§ 706(1)"), and sought declaratory and injunctive relief, but in its Amended Complaint (dkt. no. 11) it seeks declaratory relief only.

Because OFAC has unquestionably acted, and because Del Monte seeks declaratory relief only, which will not redress any injury Del Monte alleges it suffers, the Court should dismiss this action under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction.

## BACKGROUND

The Trade Sanctions Reform and Export Replacement Act of 2000 ("TSRA"), 22 U.S.C. §§ 7201 *et seq.*, authorizes the United States Government to regulate food exports to any country "that has been determined by the Secretary of State to have repeatedly provided support for acts of international terrorism." 22 U.S.C. § 7205(a)(1). TSRA specifically provides that food exports to such countries "shall only be made pursuant to 1-year licenses." *Id.* OFAC, an office within Defendant United States Department of Treasury, has promulgated regulations that govern these one-year TSRA licenses. 66 Fed. Reg. 36,683 (July 12, 2001).

Because the Secretary of State has determined that Iran has repeatedly provided support for acts of international terrorism, exporters such as Del Monte must obtain one-year licenses under TSRA to export food products to entities in that country. 66 Fed. Reg. 36,683, 36684 (July 12, 2001). Thus, on August 8, 2007, Del Monte submitted a license application to OFAC requesting authorization for some of its foreign affiliates to ship food products to entities in Iran. Am. Compl. ¶ 22 (dkt. no. 11); *see also* Declaration of Elizabeth W. Farrow, Assistant Director for Licensing at the Office of Foreign Assets Control (OFAC), United States Department of Treasury ("Farrow Decl."), attached as Ex. 1, ¶ 2.

On Friday, November 23, 2007, the day after Thanksgiving, OFAC signed the license to Del Monte that granted its August 8, 2007 application (the "License"). Farrow Decl. ¶ 3. OFAC subsequently emailed a copy of the License to Del Monte on November 29, 2007. *Id.* ¶ 4. Notice by email was delayed "because of a disruption to normal office procedures due to renovations and an associated relocation of personnel responsible for the transmittal and closeout of" Del Monte's file. *Id.* ¶ 5. Notably, "[i]n connection with transmitting a response to a license application and otherwise closing out a file," it is "the closeout officer's standard practice [] to enter into OFAC's database the date on which a license was signed." *Id.* ¶ 6. It is also "standard practice for OFAC's Helpdesk officers to consult OFAC's database when responding to calls from the public regarding the status of a license application, including whether a particular license has been signed." *Id.*

On November 27, 2007, four days after the License had been granted but two days before OFAC transmitted it to Del Monte by email, "Del Monte's representative called the OFAC 'help desk' to inquire about the status of [its August 7, 2007] license application[,] … and the OFAC 'help desk' stated that the license application was still pending." Am. Compl. ¶ 26.

Del Monte then filed this lawsuit on November 28, 2007 seeking declaratory and injunctive relief, alleging, in part, that OFAC had unlawfully withheld or unreasonably delayed issuing the License within the meaning of § 706(1).  Compl. ¶¶ 29-48 (dkt. no. 1).  One day later, Del Monte moved for a preliminary injunction requesting the Court to order OFAC to issue the License.  Pls.' Mot. for Prelim. Inj. (dkt. no. 3).  Del Monte withdrew that application, however, after it received OFAC's transmittal email.  Am. Compl ¶ 28; Notice of Withdrawal of Mot. for Prelim. Inj. (dkt. no. 5).

On January 10, 2008, Del Monte filed an Amended Complaint seeking only declaratory relief that OFAC had unlawfully withheld or unreasonably delayed issuing the License within the meaning of § 706(1).  Am. Compl. ¶¶ 34-40 & P. 12 (Prayer for Relief).  It is this Amended Complaint that is the subject of Defendants' Motion to Dismiss for lack of subject matter jurisdiction.

## ARGUMENT

Where necessary in resolving a motion to dismiss under Rule 12(b)(1), "the court may consider the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 197 (D.C. Cir. 1992); *see also Coal. For Underground Expansion v. Mineta*, 333 F.3d 193, 197-98 (D.C. Cir. 2003) (district court did not err by relying, in part, on government declaration setting forth undisputed facts in granting motion to dismiss under Rule 12(b)(1)).  The party invoking federal jurisdiction, i.e., Del Monte, ordinarily bears the burden of establishing that the court has jurisdiction. *Isenbarger v. Farmer*, 463 F. Supp. 2d 13, 18 (D.D.C. 2006) (Bates, J.).

Article III of the Constitution "confines the federal courts to adjudicating actual 'cases' and 'controversies,' " *Allen v. Wright*, 468 U.S. 737, 750 (1984), and there is "[n]o principle [] more fundamental to the judiciary's proper role in our system of government than [this] constitutional limitation." *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 37 (1976). "If a dispute is not a proper case or controversy, the courts have no business deciding it, or expounding the law in the course of doing so." *DaimlerChrysler Corp. v. Cuno*, 126 S.Ct. 1854, 1860-61 (2006).

The Article III "case-or-controversy limitation on federal judicial authority … underpins both" the doctrines of standing and mootness. *Friends of the Earth, Inc. v. Laidlaw Env't Serv. (TOC), Inc.*, 528 U.S. 167, 180 (2000). Here, the Court is without jurisdiction to decide Del Monte's claims under both doctrines and, therefore, must dismiss this case. " 'Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.' " *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (quoting *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868)). In the alternative, the Court should exercise its discretion to decline to entertain Del Monte's Amended Complaint.

I. **BECAUSE OFAC HAS ISSUED DEL MONTE THE LICENSE, DEL MONTE'S CLAIMS ARE MOOT.**

The mootness doctrine limits federal courts "to deciding actual, ongoing controversies." *Nat'l Black Police Ass'n v. District of Columbia*, 108 F.3d 346, 349 (1997) ("*NBPA*") (internal quotation marks and citation omitted). Federal courts cannot render advisory opinions or decide questions that do not affect the rights of the parties before it. *Id.* Because "a live controversy must exist at all stages of review," *NBPA*, 108 F.3d at 349, "[a] case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome."

- 4 -

*City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000) (internal quotation marks and citations omitted)).  As the Supreme Court has explained:

> [M]ootness, however it may have come about, simply deprives us of our power to act; there is nothing for us to remedy, even if we were disposed to do so.  We are not in the business of pronouncing that past actions which have no demonstrable continuing effect were right or wrong.

*Spencer v. Kemma*, 523 U.S. 1, 18 (1998).  It cannot be seriously disputed that the agency action as to which Del Monte seeks review—OFAC's alleged failure to issue a license in response to Del Monte's August 2007 application—is no longer live because OFAC has issued the License; thus, this action is moot unless an exception to mootness applies.  *Norton v. S. Utah Wilderness Alliance*, 542 U.S. 55, 67-68 (2004) ("*SUWA*") (holding claims moot where amended complaint alleged that Bureau of Land Management violated commitments contained in its land use plans, and those plans were completed after complaint filed); *City of Houston v. Dep't of Housing & Urban Dev.*, 24 F.3d 1421, 1429 D.C. Cir. 1994) (where, as here, plaintiff "attacks an isolated agency action, [] the mooting of the specific claim moots any claim for declaratory judgment that the specific action was unlawful, unless the specific claim fits" within a mootness exception).

There are two limited exceptions to mootness.  First, a case may not be moot if it is "capable of repetition yet evading review."  *NBPA*, 108 F.3d at 350.  This exception is reserved for "exceptional circumstances," *Spencer*, 523 U.S. at 17 (internal quotation marks and citation omitted), and "only applies if (1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there is a reasonable expectation that the *same* complaining party [will] be subjected to the *same* action again."  *NBPA*, 108 F.3d at 350 (internal quotation marks and citations omitted) (emphasis added); *see also Isenbarger*, 463 F. Supp. 2d at 23 ("To be capable of repetition, there must be a reasonable expectation or demonstrated probability that the complaining party will be subjected to the same action again.").

The "wrong" that is allegedly capable of repetition "must be defined in terms of the precise controversy it spawns." *PETA v. Gittens*, 396 F.3d 416, 422 (D.C. Cir. 2005).

Del Monte's Amended Complaint centers on OFAC's alleged failure to issue a license in response to Del Monte's August 2007 license application, and thus Del Monte asks this Court to enter declaratory relief under 28 U.S.C. § 2201 that OFAC unlawfully withheld and unreasonably delayed issuing that license within the meaning of § 706(1).[1] To be sure, Del Monte alleges in its Amended Complaint that it "has applied for numerous [TSRA] licenses in the past and will continue to apply for such licenses in the future on a continuing basis," Am. Compl. ¶¶ 3, 33, but it seeks relief on two claims for declaratory judgment only, both of which focus exclusively on OFAC's alleged failure to issue this License. Am. Compl. ¶¶ 34-40; *see also id.* ¶ 31 (alleging that the issuance of the License "did not eliminate the actual and substantial controversy that exists between Del Monte and Defendants concerning the legality of OFAC's failure to issue *that* license within the time frames described above, and within a reasonable time") (emphasis added). This focus makes sense because the Supreme Court has held that "a claim under § 706(1) can proceed only where a plaintiff asserts that an agency failed to take a *discrete* agency action that it is *required to take*." *SUWA*, 542 U.S. at 64. The "wrong," therefore, can only be fairly construed as OFAC's failure to act on Del Monte's August 2007 license application. *See e.g.*, *Clark v. United States*, 915 F.2d 699, 703 (D.C. Cir. 1990) (en banc) ("where plaintiffs are resisting a mootness claim … they must be estopped to assert a broader notion of their injury than the one on which they originally sought relief");

---

[1] Del Monte, of course, seeks relief under the Declaratory Judgment Act because the only remedy available under § 706(1) in a failure-to-act case is an order compelling the agency to take the required action. 5 U.S.C. 706(1). Because OFAC has acted by granting the License, there is no further action for the Court to compel.

*Am. Postal Workers Union v. United States Postal Serv.*, 2007 U.S. Dist. LEXIS 48608, *24-30 (D.D.C. July 6, 2007) (rejecting plaintiffs attempt to broaden their claim to defeat mootness). Plainly, the wrong at issue in this case cannot recur because OFAC will not have another occasion to issue this License. Because the alleged wrong is not capable of repetition, the Court need not consider the duration of that wrong.

The second exception to mootness, that "[a] defendant's voluntary cessation of allegedly unlawful conduct ordinarily does not suffice to moot a case," *Laidlaw*, 528 U.S. at 174, is also inapplicable on these facts. The exception applies when a defendant has voluntarily ceased the challenged activity, unless "(1) there is no reasonable expectation that the alleged violation will recur, and (2) interim relief or events have completely or irrevocably eradicated the effects of the alleged violation"[2] *NBPA*, 108 F.3d at 349 (internal quotation marks and citation omitted). As an initial matter, this exception does not apply because OFAC did not "cease" anything after Del Monte filed its complaint; rather, OFAC had granted the License pre-suit, and the only task remaining was communicating this decision to Del Monte. Farrow Decl. ¶¶ 3-5.

---

[2] The Court of Appeals has expressed "serious doubts" about the applicability of the voluntary cessation doctrine to a coordinate branch of government. In *Clark v. United States*, 915 F.2d 699 (D.C. Cir. 1990) (en banc), the D.C. Circuit, sitting *en banc*, noted that early voluntary cessation cases "focused on preventing a private defendant from manipulating the judicial process by voluntarily ceasing the complained of activity, and then seeking a dismissal of the case, thus securing freedom to return to his old ways." *Id.* at 705 (internal quotation marks omitted). The court then stated, in terms that encompass both the legislative branch at issue in that case and the executive branch at issue here, that "[a]t least in the absence of overwhelming evidence (and perhaps not then), it would seem inappropriate for the courts either to impute such manipulative conduct to a coordinate branch of government, or to apply against that branch a doctrine that appears to rest on the likelihood of a manipulative purpose." *Id.* The D.C. Circuit ultimately did not decide the issue. *Id.* Although this Court does not need to decide the issue either in light of the discussion above, it should share similar "serious doubts," to say the least, about applying the doctrine of voluntary cessation against the United States, especially on the facts of this case and given that only declaratory relief is requested which is always within the Court's broad discretion to issue.

Nor could Del Monte show that "voluntary cessation must have arisen *because of* the litigation," which is necessary for the exception to apply. *Pub. Utils. Comm'n v. FERC*, 100 F.3d 1451, 1460 (9th Cir. 1996); *Wyo. Outdoor Council v. Dombeck*, 148 F. Supp. 2d 1, 8 n.1 (D.D.C. 2001) (noting that "voluntary cessation doctrine does not apply when the challenged activity stops for reasons unrelated to litigation") (citing *Sze v.INS*, 153 F.3d 1005, 1008-09 (9th Cir. 1998), *overruled in part on other grounds*, *United States v. Hovsepian*, 359 F.3d 1144, 1161 (9th Cir. 2004) (en banc)); *cf. Clark*, 915 F.2d at 705-06 (defendant's "manipulative purpose" and the "risk of recurrence" "drives the voluntary cessation exception"). Given that OFAC granted the License pre-suit, and the delay in notice to Del Monte was caused by office renovations and an associated office relocation, Farrow Decl. ¶¶ 3, 5, OFAC acted on Del Monte's license application for reasons wholly unrelated to this litigation. *Cf. Sze*, 153 F.3d at 1008 (holding that INS acted on naturalization applications "in due course, albeit significantly delayed due course," and thus "[p]laintiffs … demonstrated no more than correlation; they have not shown causation").

The voluntary cessation exception also does not apply because there can be no reasonable expectation that the alleged wrong will recur. This necessarily follows from the nature of Del Monte's claims, which challenge OFAC's failure to act on a discrete license application. *See Clark*, 915 F.2d at 703 ("Common to both [mootness] exceptions is the task of defining the wrong that the defendant is alleged to have inflicted."). There is no danger of OFAC returning to the alleged improper delay in acting on that license application because OFAC has already acted. Similarly, because OFAC has issued the License, "interim relief or events have completely or irrevocably eradicated the effects of the alleged violation." *NBPA*, 108 F.3d at 349 (internal quotation marks and citation omitted).

The fact that Del Monte seeks only declaratory relief further highlights the mootness of its claims, because the Declaratory Judgment Act provides no basis for seeking relief of OFAC's alleged past violations.  Although the Act allows a court to "declare the rights and other legal relations of any interested party," 28 U.S.C. § 2201(a), it does not do away with the requirement that there be "a controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."  *Mova Pharm. Corp. v. Shalala*, 140 F.3d 1060, 1073 (D.C. Cir. 1998) (internal quotation marks and citations omitted).  If "an action has no continuing adverse impact and there is no effective relief that a court may grant, any request for judicial review of the action is moot."  *Sw. Bell Tel. Co. v. Fed. Commc'n Comm'n*, 168 F.3d 1344, 1350 (D.C. Cir. 1999).  Thus, because OFAC has already provided Del Monte with the License that is at the center of this case, there simply is no "continuing adverse impact" from OFAC's alleged delay; any declaration that OFAC unlawfully delayed in issuing the License, therefore, would be nothing more than an impermissible advisory opinion.

The Court should therefore dismiss this action.  *Steel Co.*, 523 U.S. at 94.

## II.   BECAUSE DEL MONTE'S ALLEGED INJURY WILL NOT BE REDRESSED BY THE DECLARATORY RELIEF IT SEEKS, DEL MONTE LACKS STANDING TO BRING ITS CLAIMS.

Standing is an indispensable prerequisite to jurisdiction, and its "core components … is an essential and unchanging part of the case-or-controversy requirement of Article III."  *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992).  To satisfy "the irreducible constitutional minimum of standing," Del Monte must satisfy three elements.  *Id.*  First, Del Monte "must have suffered an injury in fact – an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical."  *Id.* (internal quotation marks and citations omitted).  Second, Del Monte must show "a causal connection between the injury" and the government's conduct.  *Id.*  "Third, it must be likely, as opposed to

merely speculative, that [Del Monte's] injury will be redressed by a favorable decision." *Id.* at 561 (internal quotation marks and citation omitted).

The standing requirement of redressabilty requires that it be "likely," and not "merely speculative," that Del Monte' injuries would be redressed by the requested relief. *Lujan*, 504 U.S. at 561. Here, the only alleged injury that can be divined from the Amended Complaint is that Del Monte had previously been injured by OFAC's allegedly unlawful withholding or unreasonable delaying of issuing the License, but the Amended Complaint also establishes that the alleged injury was redressed prior to the filing of the Amended Complaint. Am. Compl. ¶ 29. Although declaratory relief might have served as a predicate for ordering injunctive relief requiring OFAC to issue the license, it cannot serve as such a predicate where, as here, injunctive relief is unavailable. Moreover, although Del Monte may feel vindicated by the entry of a declaratory judgment, the "vindication of the rule of law" is insufficient to satisfy the redressabilty prong. *Steel Co.*, 523 U.S. at 106-07; *see also id.* at 107 ("psychic satisfaction is not an acceptable Article III remedy because it does not redress a cognizable Article III injury").

### III.   EVEN IF THIS COURT FINDS THAT IT HAS SUBJECT-MATTER JURISDICTION, IT SHOULD DECLINE TO ISSUE A DECLARATORY JUDGMENT.

This Court's power to issue declaratory relief is always discretionary, even when the Court otherwise has subject-matter jurisdiction. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995). If the Court finds that it has subject-matter jurisdiction, Defendants respectfully submit that the Court should exercise its discretion not to entertain Del Monte's Amended Complaint.

In *Laidlaw*, the Supreme Court provided a justification for the difference between the requirement that a litigant have initial standing to bring litigation, which requires an injury-in-fact and does not include any exceptions, and requirement that the litigation remain live

throughout its existence, which contains exceptions for capable of repetition, yet evading review and voluntary cessation:

> Standing doctrine functions to ensure, among other things, that the scarce resources of the federal courts are devoted to those disputes in which the parties have a concrete stake. In contrast, by the time mootness is an issue, the case has been brought and litigated, often (as here) for years. To abandon the case at an advance stage may prove more wasteful than frugal.

528 U.S. at 189, 191-92. The High Court was concerned about "sunk costs" to the judicial system from dismissal of cases that had been going on for years, and even though that fact "does not license courts to retain jurisdiction over cases in which one or both of the parties plainly lacks a continuing interest," it "highlights an important difference between" standing and mootness. *Id.* at 192 & n.5. Here, of course, there are no sunk costs that justify maintaining this case because Del Monte had the License in hand one day after it filed suit. Am. Compl. ¶ 29; *see also Wilton*, 515 U.S. at 288 ("In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration."). Moreover, because OFAC has issued the License, Del Monte has already been provided an adequate remedy for the wrong it alleged. *See id.* at 287 ("[W]e have concluded, the propriety of declaratory relief in a particular case will depend upon a circumspect sense of its fitness informed by the teachings and experience concerning the functions and extent of federal judicial power.") (internal quotation mark and citation omitted).

Even if the Court determines that it has subject-matter jurisdiction, this Court should exercise its discretionary power to dismiss this challenge.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court grant their Motion to Dismiss.

Dated:  January 28, 2008   Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEFFREY A. TAYLOR
United States Attorney

SANDRA M. SCHRAIBMAN
(D.C. Bar No. 188599)
Assistant Branch Director
Federal Programs Branch

   /s/  Nicholas A. Oldham
Nicholas A. Oldham (D.C. Bar No. 484113)
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
Mailing Address
P.O. Box 883
Washington, D.C.  20044
Delivery Address
20 Massachusetts Ave., N.W.
Washington, D.C.  20001
Tel: (202) 514-3367
Fax: (202) 616-8470
nicholas.oldham@usdoj.gov

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DEL MONTE FRESH PRODUCE
COMPANY, *et al.*,

      Plaintiffs,

v.

UNITED STATES, *et al.*,

      Defendants.

Civil Action No. 07-2143 (JDB)

**[PROPOSED] ORDER**

HAVING CONSIDERED the Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction and accompanying filings thereto, it is hereby this \_\_\_\_ day of _____ 2008, **ORDERED** that Defendants' Motion to Dismiss is **GRANTED**.

_____
JOHN D. BATES
UNITED STATES DISTRICT JUDGE