IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEL MONTE FRESH PRODUCE COMPANY, *et al.*,<br><br>             Plaintiffs,<br><br>      v.<br><br>UNITED STATES, *et al.*,<br><br>             Defendants. | Civil Action No. 07-2143 (JDB) |

**REPLY IN SUPPORT OF DEFENDANTS' MOTION TO
DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

Defendants' opening memorandum explained that the claims Plaintiff Del Monte Fresh Produce Company ("Del Monte") asserted in its Amended Complaint are moot because those claims challenge only Defendant Office of Foreign Assets Control's ("OFAC") failure to issue a specific license, and OFAC has indisputably issued that license.  In response, Del Monte invites this Court to entertain a broader set of claims, that is, a general challenge to the timing of OFAC's processing of Del Monte's future license applications pursuant to the Trade Sanctions Reform and Export Enhancement Act of 2000 ("TSRA").  Del Monte's argument misses the essential point:  for mootness, the claims that matter are those contained in the Amended Complaint.

Moreover, even if the Court finds Del Monte's claims cognizable, it should exercise its equitable discretion not to entertain this action.

**ARGUMENT**

I. **THE ALLEGED WRONG IS OFAC'S FAILURE TO ISSUE A SPECIFIC LICENSE.**

It is axiomatic that the well-pleaded allegations of a complaint dictate what claims are before the Court. *See Arbitraje Casa de Cambio, S.A. v. United States Postal Serv.*, 297 F. Supp. 2d 165, 170 (D.D.C. 2003). It is equally axiomatic that, "where plaintiffs are resisting a mootness claim …, they must be estopped to assert a broader notion of their injury than the one on which they originally sought relief." *Clark v. United States*, 915 F.2d 699, 703 (D.C. Cir. 1990) (en banc); *see also Am Postal Workers Union v. United States Postal Serv.*, 2007 U.S. Dist. LEXIS 48608, *24-30 (D.D.C. July 6, 2007) (rejecting plaintiff's attempt to broaden its claim to defeat mootness).

Del Monte asserts two claims in its Amended Complaint, both of which focus exclusively on whether OFAC unlawfully withheld or unreasonably delayed issuing a specific license within the meaning of the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(1). Am. Compl. ¶¶ 35-40. Because the license has been issued, Del Monte only seeks a declaratory judgment that OFAC's past delay with respect to the disputed license violated § 706(1). *Id.* Moreover, the only allegations relating to licenses other than the one at issue are not factual allegations at all, but Del Monte's legal conclusions that this case survives mootness. *Id.* ¶¶ 32-33. But these legal allegations also state that the "controversy" between the parties is "the legality of OFAC's failure to issue *that license* [i.e., the one issued in response to Del Monte's August 2007 application] within" a specific time frame. *Id.* ¶ 31 (emphasis added). In light of the claims asserted in the Amended Complaint, the "wrong" for purposes of the mootness analysis is OFAC's alleged delay with respect to the specific license, and that wrong cannot recur.

Accordingly, Del Monte's assertion that an exception to mootness applies here should be rejected.

The two cases relied on by Del Monte stand for the unremarkable proposition that the Court may consider mootness exceptions in challenges to the merits of agency orders when the orders are no longer in effect at the time of review. *SEC v. Sloan*, 436 U.S. 103, 106-07, 110 (1978); *Burlington N. Ry. Co. v. Surface Transp. Bd.*, 75 F.3d 685, 688-89 (D.C. Cir. 1996); *see also City of Houston v. Dep't of Hous. & Urban Dev.*, 24 F.3d 1421, 1429 (D.C. Cir. 1994) ("attacks [on] an isolated agency action" are mooted by the mooting of the specific claim unless an exception applies). The Court is not asked to pass judgment on this general proposition, however, because Del Monte is challenging OFAC's delay in issuing a specific license. It follows that claims for a declaratory judgment about the legality of the delay as to that license were mooted once the license issued. Put differently, issuing a declaratory judgment that an agency violated § 706(1) would be an advisory opinion where, as here, there is no present controversy over the specific agency action withheld or delayed, the declaration could not form the predicate for ordering action already taken under § 706(1), and there is no general challenge to the timing of OFAC's processing of Del Monte's future TSRA license applications.

This case is thus more analogous to *In re American Federation of Government Employees*, 837 F.2d 503 (D.C. Cir. 1988) ("*AFGE*"). There, petitioners sought a writ of mandamus to compel the Federal Labor Relations Authority ("FLRA") to timely process negotiability appeals[1] pursuant to a statutory command that those appeals be expedited to the

---

[1] According to the D.C. Circuit, these "appeals normally arise when a federal agency contends, in the course of negotiating a collective bargaining agreement, that a union's bargaining proposal is not within the agency's duty to bargain and the union, arguing that the proposal is negotiable, then petitions FLRA to resolve the dispute." *AFGE*, 837 F.2d at 504. This was the second case filed by the plaintiff within a year claiming unreasonable delay by the

extent practicable.[2]  *Id.* at 504.  The Court of Appeals denied all relief specific to the appeals listed in the petition because the FLRA had already disposed of those appeals.  *Id.* at 505.  In doing so, the court noted that a declaratory judgment "would serve no useful purpose" and could not "form the predicate for an order requiring the FLRA to decide the listed negotiability appeals" that had already been decided.[3]  *Id.*

The D.C. Circuit in *AFGE* found that in addition to the prayer for relief seeking declaratory judgment and an order requiring the FLRA to decide the specified negotiability appeals within thirty days, plaintiff had also sought declaratory relief that FLRA had unreasonably delayed deciding negotiability appeals in general and an order "requir[ing] the FLRA to decide *all negotiability appeals* within six (6) months of filing."  *Id.* at 504, 507 (emphasis added).  While finding that the claims regarding the specified negotiability appeals were moot and that even a declaratory judgment as to those claims would not be useful, the D.C. Circuit nevertheless found that the broader, future claim was not moot.  *Id.* at 505-06.  The D.C. Circuit, however, exercised its discretion to refuse to hear that claim because the proposed remedy—a six month deadline—was not mandated by the statute and would be an inequitable "remedy to counter the threat of future unreasonable delays."  *Id.* 506-07.

---

FLRA.  The court in the first lawsuit had found the delays "intolerable," and the FLRA admitted the delays were "unjustifiable," but the Court declined to issue mandamus and dismissed the case without prejudice.  *Id*.

[2]  The appeals listed in the petition had been pending from eighteen months to four and a half years.  *AFGE*, 837 F.2d at 505.

[3]  The Court of Appeals also noted that "[n]or can such a declaration form the predicate for an order imposing a six month deadline on future negotiability appeals, because even if FLRA unlawfully delayed decision on the listed negotiability appeals an injunction imposing a six month deadline would be inappropriate."  *AFGE*, 837 F.2d at 505.  The court had to reach that question, however, because the plaintiff, unlike here, specifically sought relief as to all negotiability appeals, *id.* at 504, as discussed in the next paragraph of the text.

But even before the discretion issue is considered in this case, Del Monte cannot rely on the non-moot claim in *AFGE* to support its position that the claims in this case are not moot. A comparison of the non-moot future claim in *AFGE* with the relief sought in both the original and the Amended Complaints here dispels Del Monte's contention that it has raised a similar future claim. There is no basis for any such claim as to Del Monte's original Complaint (dkt. no. 1). And, as discussed in the Defendants' opening memorandum, the relief sought in the Amended Complaint filed *after* the license was issued also fails to seek similar broad, future relief and is instead framed in relation to the specific license. Am. Compl. ¶¶ 34-40. Thus, *AFGE* would counsel dismissal of this action as moot.

In short, Del Monte has narrowly sought declaratory relief as to OFAC's past delay in issuing a specific license, and has not asserted a challenge to the timing of OFAC's processing of Del Monte's future TSRA license applications. Del Monte should not be permitted to do so through its opposition to a mootness challenge.[4]

## II.     **DISCOVERY IS UNWARRANTED.**

As Del Monte acknowledges, the general rule in APA actions is that review is limited to the administrative record and discovery is not appropriate. Plaintiffs' Opposition to Defendants' Motion to Dismiss 13 n.4 ("Pls.' Opp'n") (dkt. no. 18). Although some discovery may be permitted on jurisdictional issues, the scope of that discovery is within the Court's discretion, *Goodman Holdings v. Rafidain Bank*, 26 F.3d 1143, 1147 (D.C. Cir. 1994), and is inappropriate where, as here, the relevant facts are undisputed. *See, e.g.*, *Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 197 (D.C. Cir. 1992) (discovery not appropriate where the trial court need not "decide

---

[4] Del Monte has amended its complaint once as a matter of right under Fed. R. Civ. P. 15(a). It has not sought leave or Defendants' consent to amend that complaint a second time to include a claim seeking relief as to future license applications.

among conflicting factual positions, taking instead the undisputed facts within or outside the pleadings as true").

Even were the Court to conclude that Del Monte has properly pled a claim with respect to the processing of its future TSRA license applications, the jurisdictional facts relevant to the mootness determination are whether the timing of OFAC's processing of Del Monte's future license applications is likely to be the same or similar to the timing of OFAC's processing of Del Monte's prior license applications. The time it takes OFAC to process Del Monte's applications is central to Del Monte's merits argument, because Del Monte asserts that certain statutory and regulatory deadlines apply to the processing of TSRA license applications, namely, the license must be issued no longer than eleven days after OFAC receives the application. Am. Compl. ¶¶ 12-15, 20. Although OFAC disputes that its processing of TSRA license applications are subject to a statutory or regulatory deadline, *see infra* n. 6, it does not dispute the facts before the Court relevant to the mootness inquiry. Del Monte's licensing history is set forth in the Declaration of Katia Gousett ("Gousset Decl."), attached to Plaintiffs' Opposition.

Specifically, Defendants do not dispute that Del Monte has filed six TSRA license applications since July 2007, or that Del Monte intends to continue filing TSRA license applications. Gousset Decl. ¶¶ 2-7; Am. Compl. ¶ 33. Defendants also do not dispute that Del Monte received the license that was the subject of its 2006 lawsuit[5] 100 calendar days after OFAC received the license application, received the license at issue in this case 112 calendar days after OFAC received the license application, and received four licenses in the intervening period (from November 2006 to March 2007) 31, 36, 42, and 56 calendar days after OFAC

---

[5] *Del Monte Fresh Produce Co. v. United States*, Civil Action No. 06-1844 (D.D.C.) (RJL) (filed October 27, 2006).

received the license applications, thus within one to less than two months.  Gousset Decl. ¶¶ 2-7.

Finally, OFAC does not dispute the information in its publicly filed reports or recent Federal

Register Notice.  72 Fed. Reg. 12980 (March 20, 2007).

In light of these uncontested facts, there is no basis for discovery on the jurisdictional issues before the Court.

### III.     EVEN IF THIS COURT FINDS THAT THIS CASE IS TECHNICALLY NOT MOOT, IT SHOULD DECLINE TO ISSUE A DECLARATORY JUDGMENT.

Del Monte's arguments that this Court should proceed to the merits of this litigation if it has subject matter jurisdiction should be rejected.  First, the Supreme Court's statement in *Friends of the Earth v. Laidlaw Envtl. Serv., Inc.*, 528 U.S. 167, 191 (2000), that sunk costs counsel in favor of applying a mootness exception to continue litigation that becomes moot "at an advanced stage" necessarily includes the corollary that the lack of sunk costs counsels against applying a mootness exception.  In any event, the Defendants' argument is not that *Laidlaw* compels dismissal, but that this Court should consider the purposes behind the mootness exceptions, including the Supreme Court's concern about appropriate use of scarce judicial resources, and the facts of this case to determine whether the Court should entertain this equitable action.

Second, Del Monte's attempt to limit the principle of broad discretion stated in *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995), to the facts in that case miscomprehends the nature of the Court's discretion.  The Court's broad discretion can and has been exercised in a variety of contexts.  *See generally* Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2759 (3d ed. 1998 & supp. 2007).  Moreover, the fact that this case arises under the APA does not limit that discretion, because "all bases for nonmonetary relief [] including injunction, mandamus and declaratory judgment" available under the APA's waiver of sovereign immunity

"are discretionary." *Sanchez-Espinoza v. Reagan*, 770 F.2d 202, 207-08 (D.C. Cir. 1985) (footnote omitted); *see also* 5 U.S.C. § 702 ("Nothing herein [] affects … the power or duty of the court to dismiss any action or deny relief on any other … appropriate legal or equitable ground").

Finally, it is well established in this Circuit that "[r]esolution of a claim of unreasonable delay is ordinarily a complicated and nuanced task requiring consideration of the particular facts and circumstances before the court." *Mashpee Wampanoag Tribal Council, Inc. v. Norton*, 336 F.3d 1094, 1100 (D.C. Cir. 2003) (considering claim of unreasonable delay in § 706(1) action). It is equally well established that even where a court finds that an agency violates a clear statutory deadline (which does not exist in this case), "[e]quitable relief, particularly mandamus, does not necessarily follow." [6] *In re Barr Laboratories, Inc.*, 930 F.2d 72, 74 (D.C. Cir. 1991) (considering claim of unreasonable delay in action involving petition for writ of mandamus); *see also id.* at 75 ("a finding that delay is unreasonable does not, alone, justify judicial intervention"). The Court of Appeals has, in fact, made clear that violation of a statutory

---

[6] Congress did not impose a statutory deadline in TSRA. TSRA provides only that "the requirements of such 1-year licenses shall be no more restrictive than license exceptions administered by the Department of Commerce or general licenses administered by the Department of the Treasury." 22 U.S.C. § 7205(a). Moreover, OFAC has clarified that the "processing of one-year license requests may take longer than the time periods suggested at the inception of the TSRA program" in the preamble of the Federal Register notice containing the implementing regulations (66 Fed. Reg. 36683, 36685 (July 12, 2001)). 72 Fed. 12980 (March 20, 2007). Those suggested processing times are not contained in the Rule implemented in July 2001, nor are they contained in the Code of Federal Regulations. "OFAC will continue to respond to such applications in as timely a manner as is possible under the circumstances of each individual license application, consistent with OFAC's obligations under TSRA, the [Iranian Transactions Regulations, 31 C.F.R. pt. 560], and the [Sudanese Sanctions Regulations, 31 C.F.R. pt. 538]." *Id.* OFAC has noted in its most recent quarterly report covering January to March 2007 that "[t]he increased complexity, volume, and length of license applications (the majority of applications pertain to the export of medical devices to Iran) coupled with the more protracted scrutiny on the part of other reviewing agencies" have "affected processing time" Pls.' Opp'n Ex. 1.

deadline is only one factor to be considered among the six well-known factors established in *Telecommunications Research & Action Center v. FCC*, 750 F.2d 70 (D.C. Cir. 1984) ("*TRAC*"), for determining the lawfulness of agency delay and appropriateness of equitable relief. *In re Barr*, 930 F.2d at 74-75.

Thus, even if this Court were to proceed to the merits and declare that OFAC unlawfully withheld or unreasonably delayed issuing the disputed license, either because OFAC has a regulatory or statutory deadline for processing TSRA license applications and did not comply with the deadline or because the length of delay was simply too long, that declaration would not obviate the need for the parties to litigate the merits of equitable relief for any delay in future cases.[7] *E.g.*, *In re Barr*, 930 F.2d at 74 ("The issue before us, then, is not whether the FDA's sluggishness has violated a statutory mandate – it has – but whether we should exercise our equitable powers to enforce the deadline."); *Sandoz, Inc. v. Leavitt*, 427 F. Supp. 2d 29, 34, 38-41 (D.D.C. 2006) (applying *In re Barr* and *TRAC* in a case where the "court's jurisdiction to entertain plaintiff's challenge to the FDA's inaction falls under section 706(1)," and concluding that "the egregiousness" of the delay justified equitable relief). Del Monte's licensing history demonstrates that Del Monte received four of its six most recent licenses between one and less than two months after OFAC received the applications. It would be difficult to conclude that

---

[7] Del Monte's claim that the parties are engaged in a "cat-and-mouse scenario" which justifies the Court's intervention at this time, Pls.' Opp'n 2, is contrary to the record before the Court. Specifically, Del Monte has filed two lawsuits involving two of its six most recent license applications. Pls.' Opp'n 3-7. In the first, Del Monte voluntarily dismissed the litigation after OFAC issued its license. *Id.* 4. In the present case, OFAC signed Del Monte's license before Del Monte filed suit, even though Del Monte did not receive notice of that fact until one day after it filed suit. Defs.' Mem. 2. Del Monte did not file suit on the other four licenses, which were received by Del Monte between one and less than two months after OFAC received the applications. These facts hardly indicate that OFAC is issuing licenses to moot litigation or that future licenses will be issued with undue delay.

each of the licenses issued in this range would have necessitated injunctive relief under § 706, even if any delay technically violated the APA. *Cf. In re Barr*, 930 F.2d at 75 (denying mandamus relief despite violation of statutory deadline where, among other things, "a judicial order putting [plaintiff] at the head of the queue simply moves all others back one space and produces no net gain"); *id.* (considering "competing priorities" in assessing reasonableness of agency delay).[8]

While Del Monte is obviously frustrated that OFAC is not processing its TSRA applications as quickly as it wants, this action, as it currently stands, is an inappropriate vehicle for addressing that frustration.

## CONCLUSION

For the foregoing reasons, and the reasons set forth in Defendants' Motion to Dismiss, the Court should dismiss the Amended Complaint.

Dated:  February 27, 2008                           Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEFFREY A. TAYLOR
United States Attorney

SANDRA M. SCHRAIBMAN
(D.C. Bar No. 188599)
Assistant Branch Director
Federal Programs Branch

[*Additional Counsel On Next Page*]

---

[8] Del Monte notes that OFAC's most recent quarterly report covering January to March 2007 indicates that the average processing times for TRSA licenses issued in that quarter was 75.9 business days. Pls.' Opp'n 11 n.3. Here, Del Monte has received the majority of its licenses in substantially less time.

       /s/  Nicholas A. Oldham
Nicholas A. Oldham (D.C. Bar No. 484113)
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
<u>Mailing Address</u>
P.O. Box 883
Washington, D.C.  20044
<u>Delivery Address</u>
20 Massachusetts Ave., N.W.
Washington, D.C.  20001
Tel: (202) 514-3367
Fax: (202) 616-8470
nicholas.oldham@usdoj.gov

Attorneys for Defendant

- 11 -